WILLIAM R. McCREADY, RESPONDENT, *v.* WILLIAM VAN ANTWERP, APPELLANT.

*Joint and several obligors — right of one to recover the proportionate part of a payment made by him, from his co-obligor.*

The plaintiff and defendant having executed a joint and several bond, payment of which was secured by a mortgage upon real estate owned by them, the plaintiff paid the whole of certain interest falling due upon the bond, and thereafter brought this action against the defendant to recover one-half of the amount so paid.

*Held,* that he should be considered as the equitable assignee of the claim of the obligees in the bond against the defendant to the extent of one-half of the payment so made, and should be allowed to maintain the action, subject to the right of the defendant to interpose any defense which he might have set up had the action been brought directly upon the bond by the obligees thereof

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*S. T. Freeman,* for the appellant.

*Thomas Thatcher,* for the respondent.

BRADY, J.:

It appears that the plaintiff and the defendant executed a joint and several bond or obligation by which they agreed to pay to certain trustees, on the 5th of December, 1882, the sum of $100,000, and to pay interest thereon semi-annually, on the fifth days of June and December in each year, at the rate of six per cent per annum, the bond being secured by a mortgage of even date on certain real estate belonging to them. Six months' interest, which amounted to $3,000, became due and payable on the bond on the 5th day of December, 1878. The plaintiff paid the whole of it, namely, $3,000, $1,500 being paid on the 26th of December, 1878, and $1,500 on the 22d of January, 1879, with thirteen dollars and seventy cents on the latter as interest upon the $1,500, which was not paid when it became due. But the defendant paid nothing to the obligees in the bond in regard to that interest, and nothing to the plaintiff on account of the payment made for him.

The defendant and appellant interposed no set-off or counter-claim against the plaintiff or the obligees on the bond, and relies upon the proposition that the payment by the plaintiff was gratuitous; that he was not compelled to pay it, nor requested nor authorized to do so by the defendant.

It is apparent, however, that there was a delay in the payment of one-half of the $3,000, because it was not made until the 22d of January, 1879, although it became due on the 5th of December, 1878. The obligation in this case was joint and several, as already suggested; and the bonds having been secured by a mortgage the right of the mortgagee to foreclose, if the interest were not paid, cannot be questioned. The non-payment of the interest imperiled the estate, for the protection of which the whole interest was paid, the plaintiff's portion as well as the defendant's portion, and such payment may well be regarded as compulsory. An examination of

the question presented leads to the conclusion that there is no good reason in law or in morals why the defendant should not be required to pay his part of the money thus expended, and inferentially for his benefit.

It is true that the rule of contribution applies to sureties and not to original joint debtors. But as the parties herein were not copartners they may be regarded as *quasi* sureties for each other; and if that be not a possible result, then the plaintiff ought in justice to be regarded and to be declared the equitable assignee of the claim of the obligees on the bond against the defendant to the extent of one-half of the interest due.

As already suggested there does not seem to be any reason, aside from some refinements growing out of the old rules of special pleading, why if two original debtors are bound to pay a sum of money and one pays the whole of it the other should not respond, particularly in a case like this where there are no copartnership complications. Where such a controversy as this arises between partners it is true a different rule would prevail, because the liability of each of them to the other would depend upon the result of an account to be taken, in which various transactions with various phases interpose.

There can be no injustice in the adoption of such a rule here, inasmuch as it would be controlled in its application by all existing rights, either as against the obligees on the bond or the plaintiff himself, for this would secure for the co-obligor for whom payment was made the ability to make any, defense which he could set up if the action were brought directly upon the bond; besides, to maintain the rigorous rule which is called into requisition by the defendant might lead to great injustice. In a case like this, for example, where the bond is secured by a pledge of real estate, the plaintiff might be compelled to make several similar payments prior to the time when the mortgage became due in order to protect the estate from foreclosure, a proceeding which might be disastrous.

The defendant, as already suggested, being under obligations to pay, and having omitted to do so, and the omission exposing the pledge to sale, and having no defense except a technical one resting upon a doubtful rule of law in its general application, we think, for

the reason assigned, that the judgment should be affirmed, with costs.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and BRADY, J.

Judgment affirmed, with costs.